**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEMONT CLEGG JR, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | Judge |
| vs. ) | |
| ) | Magistrate Judge |
| POLICE OFFICER SEAN FARLEY, individually; ) | |
| POLICE OFFICER SHAWN SWIDEREK, individually; ) | Trial By Jury Demanded |
| POLICE OFFICER JOSE PELAYO, individually; ) | |
| and CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, DEMONT CLEGG JR., by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer Sean Farley, Star No. 17780; Police Officer Shawn Swiderek, Star No. 14727; and Police Officer Jose Pelayo, Star No. 10417; and City of Chicago, states as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

1

PARTIES

4. Plaintiff, Demont Clegg Jr. ("Mr. Clegg"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times herein referenced, Defendant Police Officer Sean Farley, Star No. 17780 ("Officer Farley"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Farley was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6. At all relevant times herein referenced, Defendant Police Officer Shawn Swiderek, Star No. 14727 ("Officer Swiderek"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Swiderek was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7. At all relevant times herein referenced, Defendant Police Officer Jose Pelayo, Star No. 10417 ("Officer Pelayo"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Pelayo was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. At all relevant times herein referenced, Defendant, City of Chicago, is a governmental entity formed pursuant to the laws of the State of Illinois. Officer Farley, Officer Swiderek and Officer Pelayo ("Defendant Officers") were employed by City of Chicago as sworn police officers, and at the time of the incident at issue the Defendant Officers were acting within the scope of their employment for City of Chicago and under color of law.

ALLEGATIONS

9. On July 16, 2021, at approximately 7:23 p.m., Mr. Clegg was a passenger in a parked vehicle near 702 S Central Park Ave, Chicago, Illinois.

10. Officers Farley, Swiderek and Pelayo approached the vehicle that Mr. Clegg was sitting in.

11. Officers Farley, Swiderek and Pelayo requested that Mr. Clegg exit the vehicle.

12. Mr. Clegg complied with the instruction and exited the vehicle.

13. Mr. Clegg was in lawful possession of a firearm.

14. Mr. Clegg carried a firearm to defend himself in his dangerous city.

15. At the time of this encounter, Mr. Clegg was in possession of an Illinois firearms license.

16. At the time of this encounter, Mr. Clegg was in possession of a valid Illinois concealed carry license.

17. Officers Farley, Swiderek and Pelayo arrested Mr. Clegg for possession of a firearm.

18. Officers Farley, Swiderek and Pelayo had no legal basis to arrest Mr. Clegg.

19. Mr. Clegg was transported to the Chicago Police Department's 11th District lockup.

20. Mr. Clegg was held in custody at the police department then at Cook County Jail for approximately two days.

21. On August 26, 2021, the Cook County State's Attorney dismissed all charges against Mr. Clegg.

22. The Defendant Officers' actions were the proximate cause of Mr. Clegg's injuries.

23. The Plaintiff suffered emotional injuries, constitutional violations, loss of liberty, legal expenses, and other losses and expenses.

## COUNT I
### 42 U.S.C. §1983 UNLAWFUL SEARCH AND SEIZURE
### AGAINST OFFICERS FARLEY, SWIDEREK AND PELAYO

24. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 23.

25. Officers Farley, Swiderek and Pelayo did not have probable cause or any other legal basis to search and seize the Plaintiff.

26. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Demont Clegg, prays for judgment against Police Officer Sean Farley, Police Officer Shawn Swiderek and Police Officer Jose Pelayo, for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### 42 U.S.C. §1983 FALSE ARREST
### AGAINST OFFICERS FARLEY, SWIDEREK AND PELAYO

27. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 23.

28. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

29. Officers Farley, Swiderek and Pelayo did not have probable cause or any other

legal basis to arrest the Plaintiff.

30. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Demont Clegg, prays for judgment against Police Officer Sean Farley, Police Officer Shawn Swiderek and Police Officer Jose Pelayo for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## 42 U.S.C. §1983 DEPRIVATION OF LIBERTY
## AGAINST OFFICERS FARLEY, SWIDEREK AND PELAYO

31. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 23.

32. As a result of the misconduct of Officers Farley, Swiderek and Pelayo, the Plaintiff was deprived of his liberty.

33. The actions of Officers Farley, Swiderek and Pelayo violated the Plaintiff's rights protected by the Fourth Amendment and 42 U.S.C. §1983.

34. The actions of Officers Farley, Swiderek and Pelayo were committed intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of others.

WHEREFORE, the Plaintiff, Demont Clegg, prays for judgment against Police Officer Sean Farley, Police Officer Shawn Swiderek and Police Officer Jose Pelayo for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT IV
42 U.S.C. §1983 EQUAL PROTECTION
AGAINST OFFICERS FARLEY, SWIDEREK AND PELAYO

35. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 23.

36. Officers Farley, Swiderek and Pelayo deprived Plaintiff equal protection of the law, in violation of his constitutional rights.

37. Officers Farley, Swiderek and Pelayo's misconduct was motivated by racial animus and constituted purposeful discrimination.

38. Officers Farley, Swiderek and Pelayo's committed their acts intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of others.

39. WHEREFORE, the Plaintiff, Demont Clegg, prays for judgment against Police Officer Sean Farley, Police Officer Shawn Swiderek and Police Officer Jose Pelayo, for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT V
42 U.S.C. §1983 INTERFERENCE WITH SECOND AMENDMENT RIGHTS
AGAINST OFFICERS FARLEY, SWIDEREK AND PELAYO

40. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 23.

41. Plaintiff was legally in possession of his firearm and at the time of his arrest, had in his possession all necessary licenses pursuant to the laws of the state of Illinois.

42. Officers Farley, Swiderek and Pelayo's arrest of the Plaintiff interfered with his constitutionally protected Second Amendment right to bear arms. The arrest was in violation of said rights protected by 42 U.S.C. §1983.

43. Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Demont Clegg, prays for judgment against Police Officer Sean Farley, Police Officer Shawn Swiderek and Police Officer Jose Pelayo for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT VI
ILLINOIS LAW CLAIM – MALICIOUS PROSECTION
AGAINST OFFICERS FARLEY, SWIDEREK AND PELAYO

44. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 23.

45. Officers Farley, Swiderek and Pelayo commenced or continued an original criminal proceeding against Mr. Clegg.

46. The criminal proceeding was terminated in favor of Mr. Clegg.

47. There was no probable cause for the criminal proceedings initiated by Officers Farley, Swiderek and Pelayo.

48. Officers Farley, Swiderek and Pelayo acted in malice.

WHEREFORE, the Plaintiff, Demont Clegg, prays for judgment against Police Officer Sean Farley, Police Officer Shawn Swiderek and Police Officer Jose Pelayo for compensatory damages, punitive damages, and the costs of this action, attorney's fees, and such other and additional relief as this Court deems equitable and just.

COUNT VII
ILLINOIS LAW CLAIM - INDEMNIFICATION
AGAINST CITY OF CHICAGO

49. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 48.

50. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

51. At all times relevant to this incident, Officers Farley, Swiderek and Pelayo were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff prays that should this Court enter judgment in his favor and against Officers Farley, Swiderek and Pelayo, the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages against those Defendants.

## JURY DEMAND

Plaintiff prays for trial by jury.

Respectfully submitted,

DEMONT CLEGG

*/s/* David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com